# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN SILVA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-344-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Juan Silva challenges his guilty-plea conviction for conspiracy to possess, with intent to distribute, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends the court abused its discretion in denying his motion to withdraw his plea.

As a threshold matter, the Government invokes the appeal waiver in Silva's plea agreement. Our court reviews *de novo* whether such a waiver bars an appeal, considering: "(1) whether the waiver was knowing and voluntary, and (2) whether

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-10209

. . . the waiver applies to the circumstances at issue". *United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015) (citations omitted).

Although he signed an appeal waiver, Silva reserved the right to challenge, *inter alia*, the voluntary nature of his guilty plea and claims of ineffective assistance of counsel. Because Silva's motion to withdraw was based on claims of an involuntary guilty plea and deficient performance of counsel, the waiver does not bar this appeal. *See id.* at 233–34 & n.26 (citations omitted).

Regarding the claimed reversible error arising from the denial of Silva's motion to withdraw his guilty plea, such denial is reviewed for abuse of discretion. *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019), *cert. denied*, 2019 WL 4923393 (U.S. 7 Oct. 2019). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* at 1013–14 (internal alteration and citation omitted).

After the court has accepted a guilty plea, but before it imposes sentence, defendant may withdraw the plea by showing "a fair and just reason for requesting the withdrawal". Fed. R. Crim. P. 11(d)(2)(B). In determining whether that showing has been made, the district court considers the following seven factors:

> (1) whether the defendant asserted his actual innocence; (2) whether withdrawal would prejudice the Government; (3) the extent of the delay, if any, in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) the extent to which withdrawal would waste judicial resources.

*Lord*, 915 F.3d at 1014 (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)). "No single factor or combination of factors mandates a particular result, and the district court should make its determination based on the totality of the circumstances." *Id.* (internal quotation marks, alteration, and citation omitted). Although the district court determined Silva's delay in filing his motion

to withdraw should not count against him, it determined the other factors do. Considering the relevant factors, the court did not abuse its discretion in denying Silva's motion to withdraw his plea.

At rearraignment, Silva confirmed he understood the charges against him, stated he had fully discussed the factual resume with his counsel, and agreed with the facts supporting his guilt.     The court advised Silva concerning the constitutional rights he was waiving by pleading guilty, advised him about how the Sentencing Guidelines applied, confirmed there was a factual basis to support the plea, and reviewed the plea agreement with him.

The Government contends it would be prejudiced by the passage of time since Silva's guilty plea and because it entered plea deals with Silva's co-conspirators that did not include agreements to cooperate against Silva. The court determined it would face inconvenience and waste resources if it tried the case at this late date. This determination is entitled to substantial deference, because the court "is in the best position to know the effect that the withdrawal [would have] on its resources". *Carr*, 740 F.2d at 345. Finally, although determining whether defendant had close assistance of counsel is fact-intensive, such assistance has been found in similar situations where, *inter alia*, counsel negotiated a plea agreement, filed motions, discussed the case with defendant, explained defendant's rights and the weight of the evidence, and where defendant expressed satisfaction with counsel. *See United States v. McKnight*, 570 F.3d 641, 646–48 (5th Cir. 2009).

AFFIRMED.